# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT MEJIA GRACIA, | ) | 1:10-CV-00273 GSA HC |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | ) ) | [Doc. #9] |
| F. HAWS, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On February 24, 2010, the undersigned issued an order denying Petitioner's motion for the appointment of counsel. On March 24, 2010, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

1     (4) the judgment is void;
2     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
3     (6) any other reason that justifies relief.

Petitioner fails to meet this standard. The Court does not find the interests of justice would be served by the appointment of counsel at this time.

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   April 21, 2010**                              /s/ Gary S. Austin
                                                                        UNITED STATES MAGISTRATE JUDGE